**MORROW NI / LLP**

Complex Disputes

Seattle | New York | Los Angeles
www.moni.law

November 19, 2024

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/19/24
```

The Honorable Gregory H. Woods
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

**MEMORANDUM ENDORSED**

*Via ECF*

    *Re: Request for Conference re Motion to Stay or, In the Alternative, for An Extension of The Fact Discovery Deadline in Alta Partners, LLC v. Suncar Technology Group, Inc., No. 1:23-cv-07974-GHW*

Dear Judge Woods:

    We represent Defendant SunCar Technology Group, Inc. ("SunCar"), and write to request a conference for its motion to stay discovery pending the Court's ruling on SunCar's Rule 12(c) motion; or, alternatively, for an extension to March 2025 complete fact discovery. If the Court desires no further briefing on this issue, SunCar is willing to stand on this submission.

    **Legal standards:** whether to stay discovery pending a motion to dismiss depends on "(1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." *Am. Fed. of Musicians and Employers' Pension Fund v. Atlantic Recording Corp.*, No. 15- cv-6267-GHW, 2016 WL 2641122, at *1 (S.D.N.Y. Jan. 8, 2016).

    **State of discovery:** SunCar substantially completed productions of non-privileged documents and served a privilege log by June 5, 2024. Five months later in November 2024, and one month before the present fact discovery cutoff, Plaintiff Alta noticed in-person depositions of SunCar's China-based CEO (11/21), CFO (11/25), COO (12/3), General Counsel (12/4), and a director who had been CEO of the SPAC that acquired SunCar (12/9).

    Although SunCar explained that only its CEO and the director/former SPAC CEO have relevant knowledge, and furthermore, that two weeks' notice makes it impossible to arrange depositions prior to the current discovery cutoff, Alta has insisted on deposing SunCar's entire China-based C-suite and Canada-based board member within the next month. After a telephonic meet and confer attended by lead counsels lasting approximately 30 minutes on November 13, 2024, as well as exchanges of letters and e-mails between October 30-November 18, 2024, Alta ultimately declined to extend discovery beyond year-end to accommodate these senior executives' schedules, or to await an outcome on the pending motion to dismiss. **Exs. A** (Alta letter), **B** (SunCar Response), and **C** (e-mails, including explaining SunCar's CEO's schedule and offering for him to fly to the U.S. during the Lunar New Year holidays for deposition).

***The Pending Motion Re Count I***: SunCar has moved to dismiss Count I, which revolves around whether SunCar's Form F-4 registered the exercise-issuance of Warrant Shares underlying SunCar's public warrants. The 12(c) motion having been fully briefed, SunCar will not argue the merits anew here. SunCar notes, however, that "merits" sufficient to warrant a stay does not require that the Court declare SunCar the victor now, only that it has "raised viable grounds" for dismissal. *HAHA Glob., Inc. v. Barclays*, 2020 WL 832341, at *1 (S.D.N.Y. Feb. 20, 2020) ("a peek at the complaint reveals that Defendant's position … may have merit."); *see also Trustees of New York City Dist. Council of Carpenters Pension Fund v. Showtime on Piers LLC*, 2019 WL 6912282, at *1 (S.D.N.Y. Dec. 19, 2019) (where Defendants "have presented substantial arguments for dismissal of many, if not all, of the claims asserted in this lawsuit, a stay of discovery is appropriate.") Should the Court find that SunCar has raised viable grounds for dismissal, the Court should stay discovery pending a ruling for several reasons:

***Dismissal of Count I Will Moot Much of the Remaining Discovery***: all discovery going to whether SunCar's F-4 registered the Warrant Shares (Count I) would become irrelevant if Count I is dismissed. The only discovery that would remain would concern what "efforts" SunCar took to register the Warrant Shares.

Here, however, much, if not most, of Alta's discovery requests and deposition topics focus on whether registration of warrant exercise occurred on the Form F-4 (Count I). *See*, *e.g.*, **Ex. D** (Rog Nos. 1-5, 7-8 (concerning public warrant exercisability), 9 (private warrant exercisability), 10 (demanding affirmative defenses, potentially implicating advice of counsel); **Ex. E** (RFP Nos. 2 (requests to exercise public warrants), RFP No. 3 (exercisability of public warrants), 4 (warrant agreement exercise provisions, implicating registration), 7-9, 14 (drafting history and fees for F-4), 16 (currentness of the prospectus), 23 (exercise of private warrants); 26 (affirmative defenses, potentially implicating advice of counsel); **Ex. F** (deposition notice listing numerous topics going solely to Count I, and many more to narrowing if it is dismissed, including, *e.g.*, Topics 3(e)-(f) (Alta's exercise attempts and SunCar's SEC filings, including F-4), Topic 5 (public warrant exercise and conditions); Topic 6 (private warrant exercise and conditions), Topic 7 ("the registration of the Warrant Shares for any and all purposes and in connection with any and all transactions"), Topic 8 ("All drafts … [of] the Form F-4" "SunCar's understanding of the … F-4" "registration of the Warrant Shares on the Form F-4 for any and all purposes", "representations, disclosures, and statements made in the Form F-4", "Calculation of Filing Fee table … to the Form F-4")).

All of these matters would be moot if Count I is dismissed. "A stay may [] have the advantage of simplifying and shortening discovery in the event that some of Plaintiffs' claims are dismissed and others survive, by limiting the scope of the parties' inquiry to claims that have been established as potentially viable." *Spinelli v. Nat'l Football League*, 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015); *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 116 (E.D.N.Y. 2006) ("[b]y waiting until a decision is reached on the pending motion, the areas of discovery may well be substantially reduced, if not eliminated[.]") Indeed, should Count I be dismissed, the only matters that would be subject to discovery are what "efforts" SunCar made to register: a straightforward fact inquiry. Whereas if it is not dismissed, discovery may be more complex—which complexities can be better managed with the benefit of the Court's opinion, as set forth below.



Seattle | New York | Los Angeles
www.moni.law

***Even assuming Count I survives, the Court's ruling will dictate the direction and scope of discovery, with important litigation consequences for the parties***: SunCar's position is that Count I, whether an exercise-issuance was registered, should be determined as a matter of law from the face of the F-4. Thus, documents underlying the drafting of the registration statement should be irrelevant. However, if the Court disagrees, the Court's opinion will be the only source of guidance concerning what is or is not relevant.

That guidance will be particularly important here because, unsurprisingly, effectively all materials concerning the Form F-4 consist of communications by counsel or privileged work product. Thus, to the extent the Court does not dismiss Count I, privileged materials are likely to be implicated—which may engender an affirmative waiver by SunCar, so it can rely on privileged information to defend, or, if it does not waive, then waiver and scope of waiver-related discovery disputes. On these issues, the parties are presently in the blind but can form informed positions with the benefit of the Court's opinion on what does and does not matter.

***Unnecessary Burden And Waste***: if Count I survives, deposition questioning as to topics related to Counts I and II should happen at the same time. Whereas if depositions occurred prior to a ruling, and Count I is dismissed, time spent on it would have been wasted. In short, "[i]f defendant['s] dismissal motion[] prove[s] meritorious, the burden of litigating the discovery issues will have been for nothing and defendants will have suffered the burden of unnecessary legal fees." *Picture Pats., LLC v. Terra Holdings LLC*, 2008 WL 5099947, at *3 (S.D.N.Y. Dec. 3, 2008); *see also Rivera v. Heyman*, 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997) ("Given that disposition of the dismissal motion[s] may significantly narrow… the issues remaining in the case, proceeding with discovery while the motion is pending would waste the parties' resources and would constitute an undue burden on defendants.")

***Impracticality and scheduling***: SunCar does not believe Alta acted in bad faith in noting depositions so late in the discovery period, since many intervening events, including for example extensive settlement discussions, negotiations over the first planned 12(c) motion and Alta's dismissal of its Securities Act claims, and the briefing of the 12(c) motion, all engendered substantial delays that is not the fault of either party. However, Alta's present insistence on deposing the entire China-based C-Suite of a billion-dollar listed company in just 3 weeks, with thanksgiving in the middle, is simply not practical or considerate of their schedules. *See Palladino v. JPMorgan Chase & Co.*, 345 F.R.D. 270, 274 (E.D.N.Y. 2024), *aff'd*, 2024 WL 1672282 (E.D.N.Y. Apr. 18, 2024) (stay warranted where "the requested discovery would be significant, especially the depositions of Defendants' senior executives.").

***No prejudice to Alta***: SunCar is a billion-dollar company, liquid, and litigating in good faith. Should Alta prevail, it can try to seek prejudgment interest for the time elapsed. But it cannot seek attorneys' fees, so any expenditures it incurs on potentially moot issues would be wasted, just as Defendant's expenditures would be. Waiting on the Court's ruling would *only* make things more efficient, and proceeding now can *only* create confusion and prejudice SunCar.

For the foregoing reasons, the Court should stay discovery pending its ruling on the Rule 12(c) motion and reset the schedule upon such ruling, or, in the alternative, grant an extension of three months until March 17, 2025 to complete fact discovery.



Seattle | New York | Los Angeles
www.moni.law

  Respectfully submitted,

                MORROW NI LLP

                By: _____

                Angus F. Ni
                41 Madison Ave, 31st Floor,
                New York, NY 10010
                Phone: (773) 543-3223
                angus@moni.law

                *Attorneys for Defendant SunCar Technology Group Inc.*

cc: Gregory Bruno (gbruno@daypitney.com)
Matthew Letten (mletten@daypitney.com)

Application denied without prejudice.  Defendant's request for a conference to discuss its anticipated motion to stay discovery or, in the alternative, for an extension of the deadline to complete fact discovery, Dkt. No. 51, is denied without prejudice.  Rule 2(E) of the Court's Individual Rules of Practice in Civil Cases requires that a request for a pre-motion conference concerning discovery must be submitted in a single, jointly composed letter wherein both parties describe their positions on the discovery dispute.
The Clerk of Court is directed to terminate the motion pending at Dkt. No. 51.

  SO ORDERED.

Dated: November 19, 2024
New York, New York            _____
                     GREGORY H. WOODS
                     United States District Judge

