

Seattle | New York | Los Angeles
www.moni.law

November 21, 2024

**VIA E-FILING**
The Honorable Gregory H. Woods
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/22/24
```

**MEMORANDUM ENDORSED**

Re: Joint Letter Re Discovery in *Alta Partners, LLC v. SunCar Technology Group, Inc.* Case No. 23-cv-7974 (GHW)

Dear Judge Woods:

Pursuant to Rule 2(E)(ii) of Your Honor's Individual Rules of Practice, plaintiff Alta Partners, LLC ("Alta") and defendant SunCar Technology Group, Inc. ("SunCar") submit this joint letter to request a pre-motion conference concerning discovery. SunCar respectfully requests a stay of discovery pending the Court's ruling on SunCar's Rule 12(b)(6) motion; or, alternatively, for an extension to March 2025 complete fact discovery. Alta opposes this request and anticipates moving to compel SunCar to provide discovery.

## SunCar's Position

***Legal standards*:** whether to stay discovery pending a motion to dismiss depends on "(1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." *Am. Fed. of Musicians and Employers' Pension Fund v. Atlantic Recording Corp.*, No. 15- cv-6267-GHW, 2016 WL 2641122, at *1 (S.D.N.Y. Jan. 8, 2016).

***State of discovery*:** SunCar substantially completed productions of non-privileged documents and served a privilege log by June 5, 2024. Five months later in November 2024, and one month before the present fact discovery cutoff, Plaintiff Alta noticed in-person depositions of SunCar's China-based CEO (11/21), CFO (11/25), COO (12/3), General Counsel (12/4), and a director who had been CEO of the SPAC that acquired SunCar (12/9).

Although SunCar explained that only its CEO and the director/former SPAC CEO have relevant knowledge, and furthermore, that two weeks' notice makes it impossible to arrange depositions prior to the current discovery cutoff, Alta has insisted on deposing SunCar's entire China-based C-suite and Canada-based board member within the next month. After a telephonic meet and confer attended by lead counsels lasting approximately 30 minutes on November 13, 2024, as well as exchanges of letters and e-mails between October 30-November 18, 2024, Alta ultimately declined to extend discovery beyond year-end to accommodate these senior executives' schedules, or to await an outcome on the pending motion to dismiss. **Exs. A** (Alta letter), **B** (SunCar Response), and **C** (e-mails, including explaining SunCar's CEO's schedule and offering for him to fly to the U.S. during the Lunar New Year holidays for deposition).

***The Pending Motion Re Count I***: SunCar has moved to dismiss Count I, which revolves around whether SunCar's Form F-4 registered the exercise-issuance of Warrant Shares underlying SunCar's public warrants. The 12(c) motion having been fully briefed, SunCar will not argue the merits anew here. SunCar notes, however, that "merits" sufficient to warrant a stay does not require that the Court declare SunCar the victor now, only that it has "raised viable grounds" for dismissal. *HAHA Glob., Inc. v. Barclays*, 2020 WL 832341, at *1 (S.D.N.Y. Feb. 20, 2020) ("a peek at the complaint reveals that Defendant's position … may have merit."); *see also Trustees of New York City Dist. Council of Carpenters Pension Fund v. Showtime on Piers LLC*, 2019 WL 6912282, at *1 (S.D.N.Y. Dec. 19, 2019) (where Defendants "have presented substantial arguments for dismissal of many, if not all, of the claims asserted in this lawsuit, a stay of discovery is appropriate.") Should the Court find that SunCar has raised viable grounds for dismissal, the Court should stay discovery pending a ruling for several reasons:

***Dismissal of Count I Will Moot Much of the Remaining Discovery***: all discovery going to whether SunCar's F-4 registered the Warrant Shares (Count I) would become irrelevant if Count I is dismissed. The only discovery that would remain would concern what "efforts" SunCar took to register the Warrant Shares.

Here, however, much, if not most, of Alta's discovery requests and deposition topics focus on whether registration of warrant exercise occurred on the Form F-4 (Count I). *See, e.g.,* **Ex. D** (Rog Nos. 1-5, 7-8 (concerning public warrant exercisability), 9 (private warrant exercisability), 10 (demanding affirmative defenses, potentially implicating advice of counsel); **Ex. E** (RFP Nos. 2 (requests to exercise public warrants), RFP No. 3 (exercisability of public warrants), 4 (warrant agreement exercise provisions, implicating registration), 7-9, 14 (drafting history and fees for F-4), 16 (currentness of the prospectus), 23 (exercise of private warrants); 26 (affirmative defenses, potentially implicating advice of counsel); **Ex. F** (deposition notice listing numerous topics going solely to Count I, and many more to narrowing if it is dismissed, including, *e.g.*, Topics 3(e)-(f) (Alta's exercise attempts and SunCar's SEC filings, including F-4), Topic 5 (public warrant exercise and conditions); Topic 6 (private warrant exercise and conditions), Topic 7 ("the registration of the Warrant Shares for any and all purposes and in connection with any and all transactions"), Topic 8 ("All drafts … [of] the Form F-4" "SunCar's understanding of the … F-4" "registration of the Warrant Shares on the Form F-4 for any and all purposes", "representations, disclosures, and statements made in the Form F-4", "Calculation of Filing Fee table … to the Form F-4")).

All of these matters would be moot if Count I is dismissed. "A stay may [] have the advantage of simplifying and shortening discovery in the event that some of Plaintiffs' claims are dismissed and others survive, by limiting the scope of the parties' inquiry to claims that have been established as potentially viable." *Spinelli v. Nat'l Football League*, 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015); *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 116 (E.D.N.Y. 2006) ("[b]y waiting until a decision is reached on the pending motion, the areas of discovery may well be substantially reduced, if not eliminated[.]") Indeed, should Count I be dismissed, the only matters that would be subject to discovery are what "efforts" SunCar made to register: a straightforward fact inquiry. Whereas if it is not dismissed, discovery may be more complex—which complexities can be better managed with the benefit of the Court's opinion, as set forth below.



***Even assuming Count I survives, the Court's ruling will dictate the direction and scope of discovery, with important litigation consequences for the parties***: SunCar's position is that Count I, whether an exercise-issuance was registered, should be determined as a matter of law from the face of the F-4. Thus, documents underlying the drafting of the registration statement should be irrelevant. However, if the Court disagrees, the Court's opinion will be the only source of guidance concerning what is or is not relevant.

That guidance will be particularly important here because, unsurprisingly, effectively all materials concerning the Form F-4 consist of communications by counsel or privileged work product. Thus, to the extent the Court does not dismiss Count I, privileged materials are likely to be implicated—which may engender an affirmative waiver by SunCar, so it can rely on privileged information to defend, or, if it does not waive, then waiver and scope of waiver-related discovery disputes. On these issues, the parties are presently in the blind but can form informed positions with the benefit of the Court's opinion on what does and does not matter.

***Unnecessary Burden And Waste***: if Count I survives, deposition questioning as to topics related to Counts I and II should happen at the same time. Whereas if depositions occurred prior to a ruling, and Count I is dismissed, time spent on it would have been wasted. In short, "[i]f defendant['s] dismissal motion[] prove[s] meritorious, the burden of litigating the discovery issues will have been for nothing and defendants will have suffered the burden of unnecessary legal fees." *Picture Pats., LLC v. Terra Holdings LLC*, 2008 WL 5099947, at *3 (S.D.N.Y. Dec. 3, 2008); *see also Rivera v. Heyman*, 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997) ("Given that disposition of the dismissal motion[s] may significantly narrow… the issues remaining in the case, proceeding with discovery while the motion is pending would waste the parties' resources and would constitute an undue burden on defendants.")

***Impracticality and scheduling***: SunCar does not believe Alta acted in bad faith in noting depositions so late in the discovery period, since many intervening events, including for example extensive settlement discussions, negotiations over the first planned 12(c) motion and Alta's dismissal of its Securities Act claims, and the briefing of the 12(c) motion, all engendered substantial delays that is not the fault of either party. However, Alta's present insistence on deposing the entire China-based C-Suite of a billion-dollar listed company in just 3 weeks, with thanksgiving in the middle, is simply not practical or considerate of their schedules. *See Palladino v. JPMorgan Chase & Co.*, 345 F.R.D. 270, 274 (E.D.N.Y. 2024), *aff'd*, 2024 WL 1672282 (E.D.N.Y. Apr. 18, 2024) (stay warranted where "the requested discovery would be significant, especially the depositions of Defendants' senior executives.").

***No prejudice to Alta***: SunCar is a billion-dollar company, liquid, and litigating in good faith. Should Alta prevail, it can try to seek prejudgment interest for the time elapsed. But it cannot seek attorneys' fees, so any expenditures it incurs on potentially moot issues would be wasted, just as Defendant's expenditures would be. Waiting on the Court's ruling would *only* make things more efficient, and proceeding now can *only* create confusion and prejudice SunCar.

For the foregoing reasons, the Court should stay discovery pending its ruling on the Rule 12(c) motion and reset the schedule upon such ruling, or, in the alternative, grant an extension of three months until March 17, 2025 to complete fact discovery.



Seattle | New York | Los Angeles
www.moni.law

**Alta's Position**

***SunCar's Request for a Stay Should be Denied.*** "A motion to dismiss does not automatically stay discovery." *K.A. v. City of New York*, No. 16-cv-04936, 2022 WL 3996710, at *2 (S.D.N.Y. Sept. 1, 2022) (quotation marks omitted). Moreover, this is not a typical motion to dismiss filed at the outset of litigation.

On the contrary, this case has been pending since September 2023, SunCar only filed its motion in September 2024, and the parties are already far along in discovery. The parties have *already* exchanged discovery requests, discovery responses, and documents. Indeed, besides a handful of remaining issues concerning SunCar's discovery responses and document production (discussed below), the *only* remaining hurdle for the parties to complete fact discovery in advance of the December 19 deadline are the depositions of fact witnesses. *See Richards v. Kallish*, No. 22-cv-9095, 2024 WL 1833920, at *3 (S.D.N.Y. Apr. 26, 2024) (holding that the near-completion of fact discovery weighed against a stay). Accordingly, this is not a case where a short stay at the outset of the case might spare the parties from substantial burdens without prejudicing the plaintiff. *E.g.*, *Negrete v. Citibank, N.A.*, No. 15-cv-7250, 2015 WL 8207466, at *2 (S.D.N.Y. Dec. 7, 2015) (granting stay where '[a]ny prejudice stemming from delay is likely to be minimal … since this case is in its infancy").

To that end and in anticipation of the current fact discovery deadline, Alta timely noticed depositions of five fact witnesses and one Rule 30(b)(6) deposition on November 4. In response, SunCar claimed that some of these witnesses—including witnesses listed on their Initial Disclosures—did not have relevant knowledge. Alta disagrees and, in any event, is entitled to test this assertion through a deposition. SunCar also claimed that key witnesses simply cannot attend a deposition until sometime in 2025. Alta was prepared to work with SunCar on deposition scheduling, but cannot accept that SunCar's executives are simply unavailable for months on end. Indeed, SunCar just this week noticed five depositions of Alta's witnesses between December 9 and 13. These witnesses have busy schedules and other commitments, but Alta is prepared to proceed with these depositions in-person in New York on the dates noticed.

Moreover, this is not a case where the defendant has a pending motion that might terminate the action, which means that each of the witnesses will still have to appear for a deposition. *See Richards v. Kallish*, No. 22-cv-9095, 2024 WL 1833920, at *2 (S.D.N.Y. Apr. 26, 2024) (finding the fact that defendants only brought a partial motion dismiss weighed against a stay); *CT Espresso LLC v. Lavazza Premium Coffees Corp.*, No. 22-cv-377, 2022 WL 1639485, at *2 (S.D.N.Y. May 24, 2022) (same). Alta maintains that SunCar's motion to dismiss lacks merit for the reasons set forth in its opposition and notices of supplemental authority.  While SunCar hopes that the Court's decision might "narrow" the remaining issues, Alta will still be entitled to inquire at depositions into the Form F-4 and the timing of the registration of the warrant shares regardless of the outcome on Count I. Similarly, the Court should not reward SunCar's gamesmanship in suggesting that it is waiting on the Court's decision to decide whether to affirmatively waive the attorney-client privilege. The time has come (and passed) for SunCar to make that decision.

***Alta Does Not Oppose a Brief Extension of the Discovery Schedule, but SunCar's Request for a Three-Month Extension is Unwarranted.*** Alternatively, SunCar seeks an extension of the fact discovery deadline until March 17, 2025. Alta does not oppose a reasonable extension



of the deadline until December 31, 2024—and a corresponding extension of the expert discovery deadlines—in light of the delays caused by SunCar's last-minute request for a stay submitted just days before depositions were noticed to proceed. But Alta opposes a further extension that effectively permits SunCar to defer depositions until there is a decision on its motion to dismiss. Indeed, if the motion is still pending in February 2025, Alta anticipates that SunCar will come back to the Court seeking yet another extension. Besides waiting out a decision on its motion, the only other ground offered for a three-month extension is the purported unavailability of SunCar's witnesses. These witnesses, however, should be made available within the deadline for fact discovery that SunCar previously agreed to.

***SunCar Should be Compelled to Provide Additional Discovery.*** Alta's counsel (including undersigned counsel) met and conferred with SunCar's lead counsel on November 13 regarding several discovery issues, which were also raised in Alta's October 30 letter to SunCar.[1] Two issues remain unresolved.

***First***, Alta's RFP No. 10 requested documents relating to the timing of SunCar's filing of its Form F-1. SunCar claims that it used "best efforts" to register the shares underlying Alta's public warrants via a Form F-1, But SunCar has not produced *any* documents concerning the preparation of the Form F-1 and what efforts it undertook to have the Form F-1 filed and declared effective after the closing of the business combination. Alta seeks an order compelling SunCar to produce such documents.

***Second***, Alta's RFP No. 16 sought documents concerning the currentness of the prospectus to SunCar's Form F-4. SunCar claims that there were material changes that rendered the Form F-4 prospectus stale by the time of Alta's attempted exercise. But again, it has not produced *any* documents concerning those alleged changes. In particular, SunCar has argued that the Form F-4's prospectus lacked audited financial statements for financial year ended December 31, 2022. Yet public documents reveal it terminated its auditor, and retained a new auditor during the relevant time period. The timing and circumstances of the dismissal are relevant to SunCar's compliance with its obligation to use its best efforts to file a registration statement "as soon as practicable." Accordingly, Alta seeks an order compelling SunCar to produce documents concerning the currentness of the Form F-4 prospectus, including documents and communications concerning the termination its auditor.

---

[1] SunCar indicated that it would address certain other issues with its discovery responses—including its refusal to produce communications with other warrant holders. Alta reserves the right to raise these issues with the Court as soon as practicable should SunCar fail to cure these deficiencies.



Seattle | New York | Los Angeles
www.moni.law

Respectfully submitted,

| PLAINTIFF ALTA PARTNERS, LLC | DEFENDANT SUNCAR TECHNOLOGY GROUP, INC. |
|---|---|
| By: _/s/ Matthew Letten_<br>Jeffrey Mueller<br>Matthew Letten<br>Day Pitney LLP<br>225 Asylum Street<br>Hartford, CT 06103<br>Tel.: (860) 275-0164<br>jmueller@daypitney.com<br>mletten@daypitney.com | By: _/s/ Angus Ni_<br>Angus Ni<br>Lawrence Yichu Yuan<br>Morrow Ni LLP<br>41 Madison Ave, 31st Floor<br>New York, New York 10010<br>Tel.: (773) 543-3223<br>angus@moni.law<br>lawrence@moni.law |

Gregory Bruno
Day Pitney LLP
605 Third Avenue, 31st Floor
New York, New York 10158
Tel.: (212) 297-5800
gbruno@daypitney.com

cc:   All counsel of record via ECF

Application granted.  The parties' request for a pre-motion discovery conference, Dkt. No. 53, is granted.  The Court will hold a teleconference to discuss the parties' positions on November 26, 2024 at 4:00 p.m.  The parties are directed to the Court's Individual Rules of Practice in Civil Cases, which are available on the Court's website.  Rule 2 of the Court's Individual Rules contains the dial-in number for the conference and other relevant instructions.  The parties are specifically directed to comply with Rule 2(C) of the Court's Individual Rules.  The Clerk of Court is directed to terminate the motion pending at Dkt. No. 53.

SO ORDERED.

Dated: November 22, 2024
New York, New York

_____
GREGORY H. WOODS
United States District Judge

